[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANTS' MOTION TO STRIKE (No. 109)
Bruce Weed, the plaintiff in this personal injury action, was injured while cutting a large metal girder at work. Weed is doubtless entitled to compensation for his injuries under the Workers' Compensation Act, CONN. GEN. STAT. § 31-275 et. seq. The issue is whether he has managed to successfully plead a common law tort action against his employer, Metal Management.[1] The motion to strike now before the court asserts that the exclusivity provision of the Workers' Compensation Act, CONN. GEN. STAT. 31-284 (a),[2] precludes this action. The exclusivity provision states that, "an employer shall not be held liable for any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment." The question presented here involves the "substantial certainty" exception to this rule. Suarez v.Dickmont Plastics Corp., 229 Conn. 99, 109, 639 A.2d 507 (1994) (Suarez1).
The Amended' Complaint makes the following allegations. Metal Management operates a facility in North Haven, Connecticut and is engaged in the business of recycling scrap metal. Weed "was employed as a welder/burner by Metal Management at its . . . North Haven facility." Amended Complaint ¶ 4. While at work, on April 4, 2001, Weed "engaged in torch cutting a steel girder measuring 40 feet long by 5 feet wide." Id. ¶ 4. The Amended Complaint further alleges that:
 6. On said date at or about 2:45 p. m. the plaintiff, Bruce Weed, was standing on the steel girder and cutting down its length when suddenly and without warning the girder shifted causing him to be thrown in to the air thereafter violently striking the ground and causing the injuries and damages hereinafter more specifically set forth.
7. The incident was caused by the willful and CT Page 3430 serious misconduct of the defendants acting through their agents, servants and/or employees.
 8. The defendants herein engaged [sic] willful or serious misconduct, the natural consequences of which caused the plaintiff's injuries. An employer in the defendants [sic] position could and should have reasonably believed that injury was substantially certain to occur from its conduct.
 9. The defendants herein did not furnish the plaintiff, Bruce Weed, with employment and a place of employment which was free from recognized hazards that were causing or likely to cause death or serious physical harm to him in violation of Section 5(a)(1) of the OSHA standard.
 10. The subject incident was further caused by the willfhl and serious misconduct of the defendants in one or more of the following ways:
 a. The defendants [sic] failure to properly train and instruct the plaintiff in welding and cutting large steel girders of this nature;
 b. The defendants who warn [sic] the plaintiff of the danger associated with welding and cutting in the manner in which he was engaged at the time of the subject accident;
 c. The defendants [sic] failure to provide adequate training and supervision to the plaintiff prior to and during the welding operation;
 d. The defendants [sic] failure to properly secure or stabilize the steel girder prior to allowing its worker to weld and cut it;
 e. The defendants failed to provide adequate and appropriate safety equipment to protect Bruce Weed from injury during the welding and cutting operations.
11. Through the effects of one or more of the aforesaid acts or omissions amounting to willful and serious misconduct, the plaintiff, Bruce Weed, was CT Page 3431 placed in the position where there was a substantial certainty that he would be injured if he continued to weld and cut.
Id. ¶ 6-11.
Weed suffered serious injuries. He commenced this action against Metal Management by service of process on September 27, 2001. On December 12, 2001, Metal Management filed the motion to strike now before the court. The motion was heard on February 11, 2001.
In 1979, the Connecticut Supreme Court first recognized a narrow exception to the exclusivity provision of the Workers' Compensation Act for intentional torts committed by an employer against an employee. Jettv. Dunlap, 179 Conn. 215, 219, 425 A.2d 1263 (1979).[3] Since that time, exceptions to the exclusivity provision of the act has been expanded to include "those factual situations in which an employee's injuries were caused by work conditions intentionally created by the employer which made the injuries substantially certain to occur." Ramosv. Town of Branford, 63 Conn. App. 671, 679, 778 A.2d 972 (2001) (internal citations omitted). The Supreme Court has explained that, "[A] plaintiff employee [may] establish an intentional tort claim and overcome the exclusivity bar of the Workers' Compensation Act . . . by proving either that the employer actually intended to injure the plaintiff (actual intent standard) or that the employer intentionally created a dangerous condition that made the plaintiff's injuries substantially certain to occur (substantial certainty standard)." Suarez v. DickmontPlastics Corp., 242 Conn. 255, 257-258, 698 A.2d 838 (1997) (SuarezII).[4] Suarez II explains that, "[u]nder the former [theory], the actor must have intended both the act itself and the injurious consequences of the act. Under the latter [theory], the actor must have intended the act and have known that the injury was substantially certain to occur from the act." Suarez II,242 Conn. at 280.[5]
"We like to think that employers, given the judicial stick of the substantial certainty test, will be persuaded to provide safe workplaces." Ramos v. Town of Branford, 26 Conn.L.Rptr. 121, 123 (1999), aff'd, 63 Conn. App. 671, 778 A.2d 972 (2001). In support of this objective, Suarez I held that an employee who was injured when his employer intentionally directed him to remove hot, molten plastic with his bare hands from an unguarded industrial molding machine was not precluded from asserting a substantial certainty claim as a matter of law.
The Appellate Court recently considered the substantial certainty issue CT Page 3432 in a case brought by a police officer seeking to collect damages for injuries sustained when he was accidentally shot by another officer.Melanson v. Town of West Harford, 61 Conn. App. 683, 767 A.2d 764
(2001). The plaintiff in Melanson claimed that the defendant Town had intentionally created a situation that was substantially certain to result in injury because it "inadequately staffed, trained, managed and supervised" his tactical response team. Id. at 768. Melanson held that the plaintiff's complaint was deficient because the allegations of misconduct were predicated on acts of negligence rather than intentional wrongdoing. Id. Furthermore, Melanson stated that "even if the allegations somehow could be stretched to encompass a claim for intentional misconduct generally, the complaint provides no factual basis for a finding that the [defendant] was substantially certain that the specific injury that the plaintiff suffered would occur." Id. at 678-769. The plaintiff "could not prevail in the absence of a further showing that the employer believed the injury was substantially certain to follow the employer's acts or conduct." Id. at 689-690 (internal citations omitted) (emphasis in original). Accordingly, the Appellate Court affirmed the granting of the defendant's motion to strike because "[t]he factual allegations in the plaintiff's complaint [could not] pass the Suarez
test." Id. at 690.
Weed has not provided the requisite "factual basis" for a finding that Metal Management was substantially certain that the specific injury that he suffered would occur. The Amended Complaint declares that an "employer in the defendants [sic] position could and should have reasonably believed that injury was substantially certain to occur from its conduct." Amended Complaint ¶ 8. This declaration is conclusory in nature. The actual facts alleged by Weed do not supply a basis for this conclusion.
Weed is required to demonstrate that Metal Management knew to a substantial certainty that he would sustain injury as a result of torch cutting the girder in question. He alleges that his employer intentionally directed him to cut the girder that caused his injuries. He additionally alleges that his employer failed to provide him with "adequate training and supervision" and "adequate and appropriate safety equipment." Amended Complaint ¶ 10. These statements are conclusory in nature. We do not know what Weed's training, supervision, and equipment actually were. Equally important, we do not know what additional training, supervision and experience Weed needed or how his asserted lack of training, supervision and experience made his injury substantially certain to occur. We do not know the factual basis for Weed's contention that his employer's conduct was in violation of OSHA standards. Similarly, Weed has not described how his employer failed to properly secure or stabilize the girder prior to his sustaining injury. CT Page 3433 The answers to these questions are fact-specific, and Weed has not pled sufficient facts to allow a finding that his injuries were substantially certain to occur as a result of his act of cutting a large metal girder.
Weed might be able to make such a demonstration on repleading. To begin with an extreme example, there would surely be a substantial certainty that a six-year-old child would suffer injuries if instructed to torch cut a large steel girder. Moving to a more realistic scenario, it is possible that an adult with no training at all would be substantially certain to meet the same fate. It is conceivable that a worker with minimal training, or perhaps the wrong training, would also face a substantial certainty of injury. Unhappily, the Amended Complaint offers no factual information concerning Weed's actual training and supervision. Without additional information, the requisite factual basis for a finding of substantial certainty does not appear.
Weed additionally claims that Metal Management failed to inform him of the danger associated with the particular cut that caused his injuries. In the absence of further detail we do not know what that danger was or why the accident that occurred was substantially certain to occur.
The gravamen of the Amended Complaint is that Metal Management should have known that there was a substantial certainty that Weed would be injured while engaged in the act of torch-cutting a large steel girder. Although there may be factual scenarios that would support this claim, the factual basis for a finding of substantial certainty has not been pleaded here. If such a basis exists, Weed will have an opportumty to state it in a new pleading. Practice Book § 10-44.
The motion to strike is granted.
Jon C. Blue Judge of the Superior Court